E-FILED
Wednesday, 01 March, 2017  03:41:01 PM
Clerk, U.S. District Court, ILCD

EXHIBIT A

## LICENSE AGREEMENT

THIS AGREEMENT made and entered into this 31st day of March, 2014, is by and between JOHN KING CHAINS Ltd, a Private Limited company (No. 2232268) organized and operating in England ("Licensor" or "John King Chains") and JOHN KING USA, INC., an Illinois corporation ("John King USA"), or its permitted successor ("Licensee").

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained in this Agreement, it is hereby agreed as follows:

1. *License.*
Licensee shall have the right, within the Geographical area of North America and Canada (for the avoidance of doubt, not Central America, see addendum for specific list of countries), to use all of the John King and John King Chains brand names, trade names, trademarks, email accounts, website rights, functions, and marketing materials associated with the John King and John King Chains name, all intellectual property, and all items specified in paragraph 4 below ("Licensor IP"), subject to the remaining terms and conditions contained herein below (collectively, "License Rights"). Licensor shall not grant License Rights within the geographical area and otherwise as described in the foregoing sentence to any other person, party or entity during the time period for which the restriction of activities under Section 7 of the Stock Redemption Agreement dated March 31, 2014, to which Licensee is a party, remains in effect. Licensee is specifically granted an irrevocable, perpetual license to be allowed to continue to use the name JOHN KING USA, INC. Licensor shall have exclusive rights and control, which it may exercise in its sole judgment, over web sites containing or referencing the "John King" name or brand and which are created and maintained by Licensor. Licensor shall maintain all current information, links and email addresses for Licensee on the website and shall promptly forward to Licensee all emails, inquiries or website hits which pertain to Licensee to the email as designated by Licensee to Licensor.

2. *Payment.*
The Licensee will pay Licensor a fee of one percent (1%) of their annual turnover, immediately upon finalization of independent Audited Accounts. This will be paid in two installments, with an estimate to be made at the end of six months trading, and an interim payment to follow. The independent audited account shall consist of the report currently provided on a semi-annual basis to Licensee from its certified public accountant.

3. *Term.*
All of the License Rights shall remain with Licensee, for as long as this Agreement is in place. In the event of a sale of the shares of individuals in the Licensee or sale of all of the assets of Licensee, all of the License Rights shall continue with Licensee as a perpetual license, subject to (a) Licensor's determination that the purchaser of said shares or assets is a Permissible Purchaser, meaning that the purchaser is not (i) a competitor of John King Chains or any of its affiliates; or (ii) a person or entity that in Licensor's judgment engages or will likely engage in business practices that would detract from or be harmful to the John King Chains brand, and (b) that David W. Wadsworth or a member of his family (collectively "Wadsworth") or Jonathan R.S. King or a member of his family (collectively "King") is still a 50% shareholder of the allocated shares in the Licensee (John King USA if a stock sale, or successor owner of assets if

1

an asset sale). Provided that the purchaser of said shares or assets is a Permissible Purchaser, and that Wadsworth or King is a 50% or greater shareholder of the allocated common, voting shares in the Licensee, Licensor and Licensee will execute a new perpetual license agreement in a form similar to this Agreement granting all of said License Rights to Licensee and new owners effective as of the closing on the sale of the shares or assets of Licensee. This Agreement shall terminate upon Licensee (i) effecting a transfer of ownership or assets for which the successor no longer qualifies to have the License Rights as Licensee; or (ii) committing a breach or taking other action for which Licensor has the right to, and does, terminate the License Rights. Licensee has the right to terminate this Agreement at any time by delivering a written notice of termination to Licensor.

4. *Other Items of Property.*
Licensor and Licensee acknowledge and agree that John King Chains has various patterns and tooling equipment held with suppliers for the production of conveyor chains, sprockets and related products; that these items are the exclusive property of John King Chains; and that continued access to these tools is subject to all rights of John King Chains and its agents.

5. *Management Costs and Charges.*
Any and all management costs or charges paid by the Licensee to John King Chains or any other individual or entity affiliated with Wadsworth, King or John King Chains shall cease as of the date of execution of this Agreement and no such costs or charges shall be due and payable by the Licensee in the future. All such management services provided to and/or utilized by Licensee shall continue to be provided.

6. *Transfer Pricing and Commissioning.*

   A.   Transfer pricing for any and all inventory purchased by or from the Licensee and Licensor is hereby agreed to be set at the actual cost for said inventory plus Ten Percent (10%) of the actual cost to cover the nationalization (import) fee plus an additional Fifteen Percent (15%) margin to cover any additional costs for the selling company, including but not limited to verification of the product, repackaging and re-shipping said product. In the event there is no nationalization cost as a result of the inventory being produced domestically for any seller, the Ten Percent (10%) nationalization fee shall be waived.

   B.   All intercompany commissioning between the Licensee and all other John King companies is hereby agreed by all parties to be fixed at Ten Percent (10%) of the actual invoice price, exclusive of the freight and other direct costs.

7. *Other License Rights and Conditions.*
The License Rights are restricted to Licensee's use of the Licensor IP for its own business purposes and in no event may Licensee use any Licensor IP to sell or furnish products or services that are materially different from those it presently provides or for the benefit of any third party. Licensee shall not assign, transfer, sell or sublicense, in any way, the Licensor IP or any portion thereof to any other person or entity. However, in the event a shareholder sells their stock in Licensee or Licensee sells its assets to a third party that Licensor determines is a Permitted Purchaser, this License Agreement may be assigned or a new license agreement executed in accordance with the terms specified in Paragraph 3 above. Licensee and/or its agents

agrees to ensure that business is conducted in a manner that does not detract or is in anyway harmful to the image of John King Chains in all commercial areas. Licensee agrees to prohibit its employees, contractors and representatives from using, sharing or transferring Licensor IP in any manner or for any purpose that would be prohibited if so used, shared or transferred by Licensee; and Licensee shall be responsible for any violation of this restriction by any employee, contractor or representative. Any violation of any of the terms of this Agreement by Licensee shall constitute grounds for its termination by Licensor, following written notice of said violation and, for a curable violation, Licensee failing to cure any such improper use or dissemination, as determined in Licensor's reasonable judgment, within 60 days of said notice of the actual violation. Licensor's waiver of any violation shall not constitute a continuing waiver or serve to prejudice Licensor's right to enforce its rights in the event of any subsequent violation.

8. *Notices.*

Any notice required or permitted hereunder shall be sufficiently given if in writing and delivered personally or sent by Federal Express (or other similar reputable third party delivery service), or by registered mail or certified mail, postage prepaid, to the following:

| If to Licensor: | If to Licensee: |
|---|---|
| John King Chains Ltd | John King USA, Inc. |
| New Climax Works | 200 Catherine Street |
| Lancaster Business Park | Unit 7B, Box 8 |
| Sherburn in Elmet N. Yorkshire | East Peoria, Illinois 61611 |
| LS25 6NS England | |

or such other address as directed in writing by either party.

9. *Entire Agreement; Enforcement; Time of the Essence; No Waiver.*

This Agreement contains the entire agreement of the parties with respect to the subject matter reflected therein. No prior communications, either written or oral, shall be binding on the parties, and no subsequent agreements shall be binding and enforceable unless in writing signed by both parties. This Agreement shall be governed by and construed and enforced in accordance with the laws of England without regard to its conflicts of law principles and any disputes shall be resolved, and each of the parties consents to personal jurisdiction, in the English Courts. Any expenses incurred by either party in enforcing the terms of this Agreement, including attorney fees and costs of litigation incurred by reason of any breach of the terms of this Agreement, shall be reimbursed and paid by the other party. The parties agree that in the event of a breach or violation of any provision of this Agreement, the non-breaching party shall have the right to seek injunctive relief to enforce the provisions of this Agreement, in addition to any other existing rights provided in this Agreement or by operation of law, without the requirement of posting bond. Each party agrees that, for this purpose, the other party lacks an adequate remedy at law. The parties' foregoing rights and remedies shall be cumulative and in addition to all other rights and remedies available in law and in equity. If any provision of this Agreement is held by a Court of competent jurisdiction to be invalid or unenforceable, that term shall not affect any of the remaining terms of this Agreement, which shall be enforced to the full extent of the law. Time is of the essence in connection with this Agreement. No waiver of any provision shall constitute a subsequent waiver of the same or any different provision.

10.  **Miscellaneous.**

The paragraph headings are for ease of reading only, and shall form no part of the substantive or operative portion of this Agreement. Each party has had the advice of counsel in negotiating and documenting this Agreement, and the rule of construction that any ambiguity be resolved against the drafting party shall not apply. No party has relied on any representations made by the other party or any person associated with the other party, aside from the representations contained in this Agreement. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and all of which shall constitute the same agreement.

IN WITNESS WHEREOF, this Agreement has been executed by each of the individual parties hereto, all on the date first above written.

John King Chains Limited                                John King USA, Inc.

                                                        By: _____

Printed Name: DAVID WADSWORTH              Printed Name: C. ROBINSON

Title: DIRECTOR                                         Title: PRESIDENT

JONATHAN. S.N. KING

Addendum:

United State of America with the exception of Premier Rides
Canada
Mexico with the exception of Sugar Industry

4