IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| John King Chains Limited, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 17-1094 |
| ) | |
| John King USA, Inc. et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is now before the Court on Defendant Christopher J. Robinson's ("Robinson") Motion to Dismiss Plaintiff's First Cause of Action Pursuant to Rule 12(b)(6) (ECF No. 28) and the accompanying Memorandum in Support of the motion (ECF No. 29). For the reasons set forth below, the Court DENIES Robinson's motion.

PROCEDURAL BACKGROUND

On March 1, 2017, Plaintiff John King Chains Limited's ("Plaintiff" or "John King UK") filed its Complaint (ECF No. 1). On April 19, 2017, after a motion to dismiss had been filed, Plaintiff filed its Amended Complaint (ECF No. 22). On May 3, 2017, Robinson filed the present motion. On May 16, 2017, Plaintiff filed its Memorandum in Opposition to Robinson's Motion to Dismiss (ECF No. 38). On May 19, 2017, this Court held a telephonic status conference in which it gave counsel for individual Defendant Jonathan R.S. King ("King") an opportunity to file its own motion to dismiss. Counsel indicated he would do so. He did not. Rather, he filed a notice saying he thought the present motion to dismiss was adequate but that he still declined to take a position on it. Accordingly, the only pending motion to dismiss is as to Robinson only. On June 2, 2017, the Court held a telephonic

1

motion hearing in which it DENIED the motion and noted it would enter a written order within one week. This Order follows.

## FACTUAL BACKGROUND

Because it is at the motion to dismiss stage, unless otherwise noted the Court takes all of the facts from Plaintiff Amended Complaint and accepts them as true. Plaintiff is a foreign company organized under the laws of the United Kingdom. Defendant John King USA, Inc. ("John King USA") is an Illinois corporation with a principal place of business located in Illinois. Defendants JK Resources, Inc. ("JK Resources") and Chainco, Inc. ("Chainco") are Illinois corporations with principal places of business located in Illinois. Robinson is in an individual residing in Groveland, Illinois. He has a direct financial interest in John King USA, JK Resources, and Chainco, and he is a principal of all three with responsibility for the operation and management of those entities. He has an office at John King USA's principal place of business, where he regularly and directly oversees the day-to-day operation of John King USA. In addition, he has the right and ability to supervise and direct the activities of John King USA, JK Resources, and Chainco, and he has exercised that right and ability within the state of Illinois. Defendant King is an individual residing in the United Kingdom. He is shareholder and member of the Board of Directors of John King USA and a former shareholder and member of the Board of Directors of John King UK.[1] Like Robinson, King has a direct financial interest in John King USA and JK Resources, is a principal with responsibility for the operation and management of those two entities, has the right and ability to supervise and direct their activities, and has, indeed, done so within the state of Illinois.

---

[1] As stated in Plaintiff's Memorandum in Support of its Motion for Preliminary Injunction, since the commencement of the current suit, King divested his interest in and vacated his position on the Board of Directors of John King UK. ECF No. 46 at 6 n. 1.

2

King and David Wadsworth ("Wadsworth"), who is not a party to this case, formed John King UK in 1988. In 2000, John King UK purchased the assets and goodwill of John King & Co. (UK) Limited. John King & Co. (UK) Limited, which had been in business since 1926, manufactured, marketed, and sold conveyor chains, sprockets, and ancillary components for industrial use. On or about January 16, 2004, King, Wadsworth, and Robinson incorporated John King USA to do substantially the same business in the United States, Canada, and Mexico. As early as 1969, John King UK had sold products in the United States containing certain trademarks.[2] From 2004–2014, John King USA and John King UK were under common ownership, and during that time John King USA marketed and sold John King UK's products (or manufactured and sold products of the same specifications) under an oral license from John King UK. In March 2014, John King USA redeemed Wadsworth's ownership interest in John King USA, and on March 31, 2014, John King USA entered into a license agreement ("the License Agreement") with John King UK. The License Agreement governed "John King USA's use of the 'brand names, trade names, trademarks, email accounts, website rights, functions, and marketing materials associated with the John King and John King Chains name, all intellectual property,' and certain other items specified in the license agreement." ECF No. 22 at 5–6.

Robinson and King incorporated JK Resources, which they own and control, on or about July 22, 2014. Allegedly at the direction of John King USA, JK Resources registered for certain trademarks at the United States Patent and Trademark Office.[3] Robinson incorporated Chainco, which he owns and controls, on or about July 24, 2009. John King

---

[2] The trademarks are: (1) the brand name "King," "John King," and "John King Chains" used in conjunction with the sale of chains; (2) the brand name "CLIMAX" used in conjunction with the sale of chains; (3) the mark and associated "C" design used in conjunction with the sale of chains; and (4) since in or around 2010, the tag line "Linking You To Excellence Since 1926."

[3] The trademarks are: (1) JOHN KING USA INC. LINKING YOU TO EXCELLENCE SINCE 1926; (2) KING; (3) JKUSA; (4) CLIMAX CHAINS C and Design; and (5) C and its associated design.

3

USA allegedly instructed and authorized Chainco to engage in conduct that constitutes infringement of John King UK's trademarks.

On June 14, 2016, John King UK issued a notice to terminate the License Agreement as a result of John King USA's alleged breaches of the License Agreement, triggering a 60-day period to cure the breaches. John King USA did not cure its alleged breaches and, accordingly, the License Agreement terminated on August 13, 2016. John King USA has allegedly continued to market and sell goods in commerce rightfully belonging to John King UK, and it is allegedly likely to cause confusion in commerce. For purposes of the present motion, John King USA's continued marketing of certain product catalogs is relevant.[4] John King UK has applied for copyright registrations for the relevant catalogs. John King UK alleges that John King USA either: (1) directly copied the catalogs and reproduced them without John King UK's authorization; or (2) had access to the relevant catalogs by virtue of the License Agreement and, without John King UK's authorization, produced materials that are substantially similar. As mentioned above, Robinson is one of two shareholders of John King USA, profits directly from the alleged copyright infringement, has the right and ability to supervise John King USA, and oversees the day-to-day operations of John King USA.

## LEGAL STANDARD

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[4] Those materials, which all allegedly constitute original works of authorship, are John King UK's: (1) "Forged Chains & Sprockets" product catalog; (2) "Chains for Asphalt Production" product catalog; (3) "Sugar Industry Chains (Cane and Beet)" product catalog; (4) "Mining Chains" product catalog; (5) "Forged Chains" product catalog; and (6) "Bakery Industry Chains" product catalog.

4

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss, a court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). A proper complaint, however, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## DISCUSSION

Robinson moves to dismiss Count I, a vicarious copyright infringement claim, of Plaintiff's amended complaint. To survive the present motion, Plaintiff must plausibly allege: "(1) direct infringement by a primary infringer, (2) a direct financial benefit to [Robinson], and (3) [Robinson's] right and ability to supervise the infringer[]." *Bosch v. Ball-Kell*, No. 03-cv-1408, 2006 WL 2548053, at *13 (C.D. Ill. Aug. 31, 2006) (Mihm, J.). Plaintiff has done so. As an initial matter, it appears that neither John King USA nor Robinson contest the fact that Plaintiff has properly alleged direct infringement by John King USA; John King USA did not file a motion to dismiss after Plaintiff filed the amended complaint, and Robinson does not argue direct infringement was improperly pleaded. Plaintiff satisfies the second prong, too, as it alleges Robinson, as one of two shareholders, has a direct financial interest in John King USA. ECF No. 22 at 2–3. Finally, Plaintiff satisfies the third prong, as it alleges not only that Robinson has the right and ability to supervise and direct the activities of John King USA, but also that he "regularly and directly oversees the day-to-day operations of" John King USA. *Id.*

Robinson, both through his memorandum in support of his motion to dismiss and by his oral argument before this Court, relies on *Dangler et al. v. Imperial Mach. Co.*, 11 F.2d 945 (7th Cir. 1926), to argue a "special showing" needs to be made in order to properly plead vicarious copyright infringement. Robinson, however, is incorrect. *Dangler* deals only with corporate officers. In this case, however, Robinson is both and officer and an owner of John King USA. The Court thus does not believe *Dangler* is applicable and does not need to evaluate whether any "special showing" was made or properly pleaded. *Dangler*, 11 F.2d at 947. Plaintiff has properly pleaded vicarious copyright infringement by Robinson and, accordingly, the Court DENIES the motion to dismiss.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss.

ENTERED this 12th day of June, 2017.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge